HONORABLE KAREN A. OVERSTREET

HEARING DATE: FRIDAY, OCTOBER 4, 2013
HEARING TIME: 9:30 A.M.
LOCATION: SEATTLE, COURTROOM 7206
RESPONSES DUE: FRIDAY, SEPTEMBER 27, 2013

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

TC GLOBAL, INC.,

Debtor.

No. 12-20253

MOTION FOR DETERMINATION OF POST-CLOSING PURCHASE PRICE ADJUSTMENTS

TC Global, Inc. ("Debtor"), debtor-in-possession herein, moves the Court for a determination of the appropriate purchase price adjustments to the Purchase Price[1] pursuant to §§ 2.6(a) and (b) of the Asset Purchase Agreement ("APA") entered into between the Debtor and Global Baristas, LLC ("Global Baristas").

## I. INTRODUCTION

The APA mandates a number of post-closing adjustments to the Purchase Price paid by Global Baristas based upon a comparison of values and amounts estimated pre-closing with the values and amounts as of the closing date, as subsequently determined. Global Baristas refused to provide the Debtor with its calculation of adjustments, notwithstanding the express provisions of the APA.

---

[1] Capitalized terms herein shall have the same meaning set forth in the APA unless otherwise indicated.

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 1 of 8

Consequently, the Debtor provided Global Baristas with its own calculation, along with the back-up detail. The Debtor calculates that the Purchase Price must be adjusted by $551,792.70.

Global Baristas has refused to engage in any substantive discussion and takes the position that it can, by its refusal to provide its calculation of post-closing adjustments, prevent any adjustments to the Purchase Price from ever taking place.

Global Baristas transparently seeks to delay the inevitable Purchase Price adjustment. Because Global Baristas has voluntarily chosen not to participate in the process or submit its own calculations, the Debtor respectfully requests that the Court acknowledge this waiver and foreclose further delay by accepting the Debtor's calculations without the need for further activity.

## II. FACTUAL BACKGROUND

### A. The Sale

The Debtor filed its Chapter 11 bankruptcy case on October 10, 2012. It conducted a sale of substantially all of its assets culminating in a competitive auction on January 3, 2013. On January 18, 2013, the Court entered an order ("Sale Order") authorizing the sale of the Debtor's assets to Global Baristas pursuant to the APA entered into by the parties. Campbell Decl., Ex. A.[2] The sale closed on June 30, 2013.

### B. The APA Requires Post-Closing Purchase Price Adjustments.

Pursuant to APA Sections 2.6(a)(i) and (a)(ii), at closing Global Baristas paid $6,550,107 (the "Cash Component") to the Debtor on June 30, 2013. Campbell Decl.

Section 2.6(a)(iii) provides for the following mandatory post-closing adjustments to the Cash Component of the Purchase Price.

---

[2] Because the exhibits are voluminous, only Exhibit B to the APA (which is relevant to this Motion) is included in Exhibit A.

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 2

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 2 of 8

1. **Current Card Balance.** Pursuant to the APA, the Debtor provided Global Baristas with its calculated estimate of the outstanding gift card liabilities within three days prior to closing ("Estimated Current Card Balance"). Global Baristas' closing payment was calculated using this estimate. Campbell Decl., Ex. A at § 2.6(a)(i). The APA provides for a post-closing adjustment based on a comparison of the actual balance as of the closing date with the estimated balance:

> (A) The Cash Component shall be decreased by one hundred percent (100%) of the amount, if any, by which the Current Card Balance Estimate exceeds One Million Two Hundred Thousand Dollars ($1,200,000), or the Cash Component shall be increased by one hundred percent (100%) of the amount, if any, by which the Current Card Balance Estimate is less than One Million Dollars ($1,000,000).
>
> (B) Pursuant to Section 2.6(b), the Purchase Price shall be adjusted on the basis of Section 2.6(a)(ii)(A) to reflect any difference between the actual Current Card Balance as of the Closing Date and the Current Card Balance Estimate delivered by Seller pursuant to Section 2.6(a)(i).

Campbell Decl., Ex. A at § 2.6(a)(iii).

Pre-closing, the Debtor provided Global Baristas with an Estimated Current Card Balance of $845,000 as of June 26, 2013. The actual Current Card Balance as of the June 30, 2013 closing date was $836,400.68. Campbell Decl., Ex. B. Pursuant to Section 2.6(a)(iii) of the APA, the Cash Component of the Purchase Price should be increased by $8,599.32.

2. **Cure Costs.** The APA provides for a post-closing adjustment to the Purchase Price based upon a comparison of pre-closing estimated contract and lease cure amounts with actual cure amounts:

> The Cash Component shall be increased on a dollar-for-dollar basis by the amount by which the aggregate amount of Assumed Cure Costs (as reflected on **Schedule 1**) is less than One Million Dollars ($1,000,000).

Campbell Decl., Ex. A at § 2.6(a)(iv).

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 3

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 3 of 8

Schedule B to the APA, prepared by Global Baristas pre-closing, set forth cure amounts in the amount of $407,043.36.[3] Campbell Decl., Ex. A (at Schedule B).

Assuming Global Baristas' calculations to be accurate, the Cash Component of the Purchase Price should be increased by at least $592,956.64 ($1,000,000.00 less $407,043.36). The Buyer may have actually negotiated smaller cure amounts in some cases.

**3. Change Funds.** The APA provides for a mandatory post-closing adjustment to the Purchase Price based upon the actual amount of the Change Funds, the petty cash held by the stores, at closing:

> Pursuant to Section 2.6(b), the Purchase Price shall be adjusted upward on a dollar-for-dollar basis for the amount by which Change Funds exceed Forty-Two Thousand ($42,000) as of the Closing Date, or the Purchase Price shall be adjusted downward on a dollar-for-dollar basis for the amount by which Change Funds are less than Thirty-Eight Thousand Dollars ($38,000) as of the Closing Date.

Campbell Decl., Ex. A at 2.6(a)(v).

The amount of the Change Funds as of the Closing Date was $58,480. Campbell Decl., Ex. C. Thus, the Cash Component of the Purchase Price should be increased by an additional $16,480.

**4. Inventory.** The APA provides for a mandatory post-closing adjustment to the Purchase Price relating to Inventory as follows:

> Pursuant to Section 2.6(b), the Purchase Price shall be adjusted downward on a dollar-for-dollar basis for the amount by which aggregate Inventory, net of slow-moving and stale inventory, is less than Four Hundred Seventy-Five Thousand Dollars ($475,000) as of the Closing, or the Purchase Price shall be adjusted upward on a dollar-for-dollar basis for the amount by which aggregate Inventory, net of slow-moving and stale inventory, is greater than Five Hundred Seventy Five Thousand Dollars ($575,000) as of Closing.

Campbell Decl., Ex. A at 2.6(a)(vi).

---

[3] Schedule B to the APA does not total the cure amounts. The individual amounts total $407,043.36.

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 4

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 4 of 8

1         The Inventory was $521,891.49 as of Closing and thus, no adjustment to the Purchase Price is

2 appropriate with respect to Inventory. Campbell Decl., Ex. D.

3       **5.**     **Pre-Closing Asset Sales.** The APA provides for a mandatory post-closing adjustment

4 to the Purchase Price to take into account any post-petition asset sales by the Debtor for which it

5 retained the proceeds:

> Pursuant to Section 2.6(b), the Purchase Price shall be adjusted to take into account proceeds of asset sales consummated by Seller after the Petition Date outside of the Ordinary Course of Business where such proceeds are retained by the Seller.

Campbell Decl., Ex. A at § 2.6(a)(viii).

        The Debtor did consummate post-petition sales totaling $4,008.00. Campbell Decl., Ex. E.

The Debtor retained these proceeds and the Purchase Price should be adjusted downward accordingly.

      **6.**     **Assumed Accrued Vacation.** The APA provides for a mandatory Purchase Price

adjustment based upon the actual amount of Assumed Accrued Vacation Liabilities as of closing:

> Pursuant to Section 2.6(b), the Purchase Price shall be adjusted downward on a dollar-for–dollar basis for the amount by which the aggregate value of the Assumed Accrued Vacation Liabilities is more than Two Hundred Thirty Thousand Dollars ($230,000) as of Closing, or the Purchase Price shall be adjusted upward on a dollar-for-dollar basis for the amount by which the aggregate value of the Assumed Accrued Vacation Liabilities is less than One Hundred Seventy Thousand Dollars ($170,000) as of Closing.

Campbell Decl., Ex. A at § 2.6(a)(viii).

        Assumed Accrued Vacation Liabilities as of the Closing Date totaled $292,235.26. Campbell Decl., Ex. F. Consequently, the Purchase Price should be decreased by an additional $62,235.26.

      **7.**     **Total Adjustments.** In summary, the Debtor calculates a total increase to the Cash

Component of the Purchase Price in the amount of $551,792.70 as follows:

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 5

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 5 of 8

| Basis for Adjustment | Increase/(Decrease) |
|---|---|
| Current Card Balance | $8,599.32 |
| Cure Costs | $592,956.64 |
| Change Funds | $16,480.00 |
| Inventory | $0.00 |
| Pre-Closing Asset Sales | $(4,008.00) |
| Vacation | $(62,235.26) |
| **TOTAL** | **$551,792.70** |

C. **Global Baristas Seeks to Avoid Any Price Adjustments.**

As indicated by the directive "shall" in each of the subparagraphs in APA § 2.6(a), the Purchase Price adjustments are mandatory.

APA § 2.6(b) states that within thirty days of closing, Global Baristas "shall notify seller in writing (the "Post-Closing Statement") of its determination of any proposed adjustments to the Purchase Price under Sections 2.6(a)(ii)(B), (iii), (iv), (v), (iv), (vv) and (viii) (if any, the "Buyer Adjustment Amounts"). Campbell Decl., Ex. A. Global Baristas was to allow TC Global to observe Global Baristas' preparation of its Post-Closing Statement and was also to provide the Debtor with access to all of the work papers used in make its determination of adjustments. Campbell Decl., Ex. A at § 2.6.

The APA provides that the Debtor is required to provide any objections to Global Baristas' proposed adjustments in writing to Global Baristas within 15 days of the Debtor's receipt of the Post-Closing Statement ("Dispute Notice").

Global Baristas did not provide the Post-Closing Statement or any proposed Purchase Price adjustments by July 29, 2013, 30 days after Closing and has never provided any information whatsoever. In order to ensure compliance with the timeline set forth in Section 2.6(b), TC Global treated Global Baristas' lack of Post-Closing Statement as a calculation of $0.00 adjustment for each of the categories set forth in §§ 2.6(a)(ii) and (iii) and on August 14, 2013, provided Global Baristas

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 6

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 6 of 8

with a Dispute Notice, setting forth the Debtor's adjustment calculations as described in Section I.B. Campbell Decl., Ex. A.

The APA provides for a 15-day period in which the parties are required to negotiate in good faith a resolution of any discrepancies between their adjustment calculations. The Debtor attempted to engage Global Baristas in discussions and received no response. Tobin Decl., Ex. B. On, August 14, 2013, the fourteenth day, Global Baristas' counsel sought a five-day extension to respond to the Dispute Notice. With the expectation of a substantive response, the Debtor agreed. Tobin Decl., Ex. C.

On the last day of the extension, Global Baristas responded with a curt letter asserting that, because it had refused to provide the Post-Closing Statement no adjustments to the Purchase Price would be required:

> The plain language of APA Section 2.6(b) is clear and unambiguous. In order to trigger any discussion of post-close adjustments, Section 2.6(b) is clear that the following must occur: ". . . , Buyer shall notify Seller in writing (the "Post-Closing Statement") of its determination of any proposed adjustments to the Purchase Price . . . ." As you know, Global submitted no Post-Closing Statement. In the absence of a Post-Closing Statement in writing from Global, there is no post-closing procedure initiated.

Tobin Decl., Ex. D.

Global Baristas has refused to participate in the process, as required, and has failed to take any steps to assert its own calculation of Purchase Price adjustments, apparently attempting to avoid or to delay paying any adjustments in favor of the Debtor. By the time of the hearing on this matter necessitated by Global Baristas' heel dragging, almost two months will have elapsed since Global Baristas should have paid the adjustment. By its own conduct, Global Baristas has waived the opportunity to assert any proposed adjustments contrary to those proposed by the Debtor.

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 7

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 7 of 8

### III. REQUESTED RELIEF

Based upon the foregoing, the Debtor respectfully requests that the Court find that the Debtor's proposed upward adjustment to the Cash Component of the Purchase Price in the amount of $551,792.70 is appropriate and that the Court order Global Baristas to pay the same within ten days of the order.

DATED this 10th day of September, 2013.

BUSH STROUT & KORNFELD LLP

By /s/ Christine M. Tobin-Presser
Christine M. Tobin-Presser, WSBA #27628
Attorneys for TC Global, Inc.

MOTION FOR DETERMINATION OF POST-CLOSING
PURCHASE PRICE ADJUSTMENTS – Page 8

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1977 20121 yi09gp06js
Case 12-20253-KAO    Doc 820    Filed 09/10/13    Ent. 09/10/13 15:52:36    Pg. 8 of 8