Honorable Karen A. Overstreet
Hearing Date: Friday, October 25, 2013
Hearing Time: 9:30 a.m.
Location: Seattle, Courtroom 7206

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>TC GLOBAL, INC.,<br><br>                Debtor. | Case No. 12-20253<br><br>GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR DETERMINATION OF PURCHASE PRICE ADJUSTMENTS |

Global Baristas, LLC ("Global Baristas"), by and through its counsel Jack Cullen and Foster Pepper PLLC, objects to debtor TC Global, Inc.'s (the "Debtor") request for entry of its proposed form of Order Re: Debtor's Motion for Determination of Purchase Price Adjustments [Docket No. 902] (the "Proposed Order"). At its October 4, 2013 hearing (the "Hearing") on the Debtor's Motion for Determination of Post-Closing Purchase Price Adjustments [Docket No. 820] (the "Motion"), the Court improperly and unnecessarily stated a finding of fact and a holding that went beyond the issues presented in the Motion. The Proposed Order includes the improper finding and holding. The Proposed Order must be revised so that it does not include that finding and that holding. A "clean" order denying the Motion is submitted herewith.

GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S
PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR
DETERMINATION OF PURCHASE PRICE ADJUSTMENTS - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51330038.2

Case 12-20253-KAO    Doc 927    Filed 10/23/13    Ent. 10/23/13 16:26:15    Pg. 1 of 7

## I. OPPOSITION

### A. The Debtor Sought Specific, Limited Relief in the Motion

The Debtor sought very specific relief in the Motion. Specifically, the Debtor only asked the Court to determine the amounts of post-closing adjustments that would be made to the price Global Baristas paid for the Debtor's assets. In its own words, the Debtor sought only "a determination of the appropriate purchase price adjustments to the Purchase Price pursuant to §§ 2.6(a) and (b) of the Asset Purchase Agreement . . . ." Motion at 1. In support of the Motion the Debtor argued that Global Baristas waived its contractual right to participate in the process of determining the amount of any post-closing adjustments and asked the Court to "acknowledge this waiver and foreclose further delay by accepting the Debtor's calculations without the need for further activity." Motion at 2. Summarizing the relief it sought, the Debtor asked the Court to "find that the Debtor's proposed upward adjustment to the Cash Component of the Purchase Price in the amount of $551,792.70 is appropriate and . . . order Global Baristas to pay the same within ten days of the order." Motion at 8.

### B. The Debtor Did Not Ask the Court to Determine Whether Any Adjustments Under the Asset Purchase Agreement Are Mandatory

The Debtor simply asked the Court to determine the amounts of any post-closing adjustments. The Debtor did not ask the Court to determine that the Debtor had a right to any post-closing adjustments, nor did the Debtor ask the Court to determine whether any adjustments were mandatory. Because the Debtor did not ask for that relief, the parties did not brief those matters in advance of the Hearing and those matters were not properly before the Court at the Hearing.

### C. The Debtor Could Not Seek a Determination Regarding the Adjustments by Filing a Motion

The Court acknowledged that the relief the Debtor sought in the Motion was tantamount to a breach of contract claim and could not be raised by a motion. Global Baristas argued the Debtor could only seek relief in an adversary proceeding. Declaration of Jack Cullen, Ex. A

GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S
PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR
DETERMINATION OF PURCHASE PRICE ADJUSTMENTS - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51330038.2

Case 12-20253-KAO    Doc 927    Filed 10/23/13    Ent. 10/23/13 16:26:15    Pg. 2 of 7

(Verbatim Transcript of Proceedings, October 4, 2013) at 3-4. The Court agreed and ordered the Debtor to commence an adversary proceeding. *Id.*, Ex. A at 5. The Debtor filed an adversary complaint on October 22, 2013.

**D.    The Court Improperly Determined Issues Not Presented or Briefed by the Parties**

After the Court determined the Motion was procedurally improper and ordered the Debtor to file an adversary complaint for breach of contract, the Court should have stopped there. The Debtor's Motion only asked the Court to determine the amounts of post-closing adjustments. There were no other issues before the Court at the Hearing. Even if the Debtor had asked the Court to determine whether the adjustments are mandatory, that question could not properly be raised through a motion. The Court's determination that the adjustments are mandatory might be appropriate had the Debtor asked for declaratory relief. However, the Debtor did not seek declaratory relief, and it could only have done so through an adversary proceeding. *See* Fed. R. Bankr. P. 7001(9). Global Baristas did not consent to a hearing on any issue other than the amounts of the post-closing adjustments, and the parties did not have any opportunity to brief other issues prior to the Hearing.

Nevertheless, the Court's oral ruling on the Motion ventured beyond the relief requested in the Motion. Specifically, the Court ruled that the adjustments sought by the Debtor are mandatory. At the hearing, the Court stated, "I have a view I'm willing to express. . . . I mean, as I read the language of [Section] 2.6, the adjustments seem mandatory to me." Declaration of Jack Cullen, Ex. A (Verbatim Transcript of Proceedings, October 4, 2013) at 3. The Court went on to advise Global Baristas' counsel as follows:

> If you are arguing that the debtor by virtue of the language of the procedure in [Section] 2.6 has no ability to obtain moneys it is owed under the contract because of the procedural technicality, if you are arguing that, *I'm ready to rule against you and make a finding that the adjustments under the contract are mandatory*.

*Id.*, Ex. A at 4-5 (emphasis added). Finally, the Court issued a holding based on that finding, as follows:

GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S
PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR
DETERMINATION OF PURCHASE PRICE ADJUSTMENTS - 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51330038.2

Case 12-20253-KAO    Doc 927    Filed 10/23/13    Ent. 10/23/13 16:26:15    Pg. 3 of 7

> What I'm holding is, as a technical matter, the way the language appears in [Section] 2.6(b), that process had to be triggered by Global Baristas. They didn't do it. That doesn't mean that the debtor doesn't have a right to the adjustments. *I am holding that the adjustments under the contract are mandatory.* Therefore [the Debtor] will have to seek those adjustments by way of an adversary proceeding.

*Id.*, Ex. A at 7 (emphasis added).

The Court should not have stated its holding on a matter that was not properly before it. "Issues not raised by the pleadings cannot be determined. . . . A decree, in so far as it undertakes to decide issues not made by the pleadings, is void. . . . A court is without jurisdiction to pass upon questions not submitted to it for decision." *Osage Oil & Ref. Co. v. Cont'l Oil Co.*, 34 F.2d 585, 588 (10th Cir. 1929) (internal citations omitted).

The fundamental protection of parties' due process rights by limiting courts' jurisdiction to grant relief has long been recognized by federal and state courts. In *Armstrong Cork Co. v. Lyons*, 366 F.2d 206, 208 (8th Cir. 1966), the Eight Circuit Court of Appeals described the importance of notice and consent in ensuring due process:

> A court may not, without the consent of all persons affected, enter a judgment which goes beyond the claim asserted in the pleadings. Unless all parties in interest are in court and have voluntarily litigated some issue not within the pleadings, the court can consider only the issues made by the pleadings, and the judgment may not extend beyond such issues nor beyond the scope of the relief demanded. A party is no more entitled to recover upon a claim not pleaded than he is to recover upon a claim pleaded but not proved.
>
> The foregoing rules are all fundamental and state nothing more than the essentials of due process and of fair play. They assure to every person his day in court before judgment is pronounced against him.

(emphasis added.)

Likewise, Washington's constitution deprives the courts of jurisdiction to grant a moving party relief that it did not ask for on notice to interested parties:

> [T]he court is without jurisdiction to grant relief beyond that which the allegations and prayer of the complaint may seek. If upon the hearing of the matter before the court the complaining party desires additional relief, or if the court feels that other or additional relief

GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S
PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR
DETERMINATION OF PURCHASE PRICE ADJUSTMENTS - 4

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51330038.2

Case 12-20253-KAO   Doc 927   Filed 10/23/13   Ent. 10/23/13 16:26:15   Pg. 4 of 7

> should be awarded, the defendant is entitled to have notice given to him and an opportunity to be heard on the merits thereof; otherwise he is denied procedural due process of law in violation of § 3, art. I, of our constitution. . . . The essential elements of the constitutional guaranty of due process, in its procedural aspect, are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case.

*State ex rel. Adams v. Superior Court of State, Pierce County*, 36 Wash. 2d 868, 872, 220 P.2d 1081, 1084 (1950) (internal citations omitted).

The Court correctly determined the Debtor could not assert a breach of contract claim by filing a motion. Having denied the Motion and required the Debtor to file an adversary proceeding, the Court should have refrained from ruling on any matter that was not properly raised in the Motion or any matter that would be raised and argued in the adversary proceeding. Global Baristas did not consent to any hearing on whether the post-closing adjustments are mandatory. Instead, at the Hearing, Global Baristas reiterated its position that any argument about the adjustments, whether upward or downward, must be made in an adversary proceeding. The Court agreed with Global Baristas on that point.

Global Baristas is entitled to plead and defend its position on whether the post-closing adjustments are mandatory. By declaring *sua sponte* that the adjustments are mandatory, the Court deprived Global Baristas of that right. The Court lacked jurisdiction to hold that the adjustments were mandatory. As such, the Court erred when it stated that holding from the bench, and the Court would compound that error by including that holding in its order denying the Motion. The Court's ultimate ruling—denying the Motion in its entirety—is the correct result.

**E.     Global Baristas is Prejudiced by the Court's Error**

Global Baristas is entitled to be heard on every issue relating to its alleged breach of the Asset Purchase Agreement (the "APA"). If the Court enters the Proposed Order, Global Baristas will begin the adversary proceeding at a fatal disadvantage and the Debtor will receive and unfair and prejudicial advantage. The Court will have largely determined the outcome of the adversary

GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR DETERMINATION OF PURCHASE PRICE ADJUSTMENTS - 5

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51330038.2

Case 12-20253-KAO    Doc 927    Filed 10/23/13    Ent. 10/23/13 16:26:15    Pg. 5 of 7

proceeding before Global Baristas even files its answer or responds to the Debtor's likely motion for summary judgment.

Global Baristas' alleged breach of contract is actionable only if the APA imposes a duty, the duty is breached, and the breach proximately causes damage to the Debtor. *Nw. Indep. Forest Mfrs. v. Dep't of Labor and Indus.*, 78 Wash. App. 707, 712-713, 899 P.2d 6, 9 (1995). If the Court enters the Proposed Order, its holding that the post-closing adjustments are mandatory will become the law of the case in the adversary proceeding. *See In re Pilgrim's Pride Corp.*, 442 B.R. 522, 531 (Bankr. N.D. Tex. 2010) ("In the bankruptcy context, the law of the case doctrine should be applied to disputes arising in the main bankruptcy case as well as all of its related adversary proceedings.") Without the Debtor even asking the Court to do so, and with no notice to Global Baristas or any chance for Global Baristas to develop a record or argue its case, the Court will obviate the need for the Debtor to prove that Global Baristas owed a duty to the Debtor, that Global Baristas breached that duty, or that any breach caused any damages. If the Court enters the Proposed Order, the adversary proceeding will effectively commence at the damages phase. This denial of due process to Global Baristas would be an error.

That Global Baristas will be prejudiced in the adversary proceeding is already evident. The Debtor filed its adversary complaint (the "Complaint") on October 22, 2013. At Paragraph 36 of the Complaint, the Debtor states as follows:

> At the hearing on [the Debtor's] Motion for Determination of Purchase Price Adjustments on October 4, 2013, the Court held that the Purchase Price adjustments under Section 2.6(a)(iii) of the APA are mandatory.

Docket No. 922 at 6. The Debtor should be barred from relying on the Court's improper oral ruling to support its breach of contract claim. Reference the Court's oral ruling in the Complaint should barred. The Court should decline to enter the Proposed Order in favor of a "clean" order that simply denies the Motion.

GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S
PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR
DETERMINATION OF PURCHASE PRICE ADJUSTMENTS - 6

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51330038.2

Case 12-20253-KAO    Doc 927    Filed 10/23/13    Ent. 10/23/13 16:26:15    Pg. 6 of 7

## II. CONCLUSION

For the foregoing reasons, Global Baristas respectfully requests that the Court enter an order that simply denies the Motion. All issues relating to the Debtor's breach of contract claim against Global Baristas should be heard and determined anew in the adversary proceeding. A proposed form of order is submitted herewith.

DATED this 23rd day of October, 2013.

FOSTER PEPPER PLLC

*/s/ Jack Cullen*
Jack Cullen, WSBA No. 7330
1111 Third Avenue, Suite 3400
Seattle, Washington 98101-3299
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Attorneys for Global Baristas, LLC

GLOBAL BARISTAS, LLC'S OBJECTION TO DEBTOR'S PROPOSED FORM OF ORDER RE: DEBTOR'S MOTION FOR DETERMINATION OF PURCHASE PRICE ADJUSTMENTS - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51330038.2

Case 12-20253-KAO    Doc 927    Filed 10/23/13    Ent. 10/23/13 16:26:15    Pg. 7 of 7