UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>TC GLOBAL, INC.,<br><br>              Debtor. | No. 12-20253<br><br>{PROPOSED} ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION |

THIS MATTER came before the Court for hearing on confirmation of the Second Amended Disclosure Statement and Plan of Liquidation ("Plan") of TC Global, Inc., debtor in possession herein ("Debtor"). The Debtor filed an Amended Disclosure Statement and Plan of Liquidation with the Court on September 25, 2013, as to which, on September 26, 2013, the Court entered an Order of conditional approval. Capitalized terms not defined herein shall have their meaning as set forth in the Plan. The Court has reviewed the Plan and the files and records herein and finds and concludes as follows:

A.  This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has

{PROPOSED} ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION – Page 1

1977 20121 yj29fm03r8

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 12-20253-KAO    Doc 964    Filed 10/29/13    Ent. 10/29/13 14:00:53    Pg. 1 of 5

exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. The Amended Disclosure Statement and Plan of Liquidation and Ballots were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules and applicable nonbankruptcy law. Such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the hearing on confirmation hearing was given in compliance with the Bankruptcy Code and the Bankruptcy Rules and no other or further notice is or shall be required. Votes for acceptance and rejection of the Plan were solicited in good faith and such solicitation complied with §§ 1125 and 1126 of the Bankruptcy Code, Rules 3017 and 3018 of the Bankruptcy Rules, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

C. Upon the Ballot Summary filed by the Debtor on October 28, 2013, the Debtor certified that it received the requisite acceptances both in number and amount from certain classes of creditors for confirmation of the Plan as required under § 1126 of the Bankruptcy Code.

D. The only objection to confirmation of the Plan was filed by Mark Dringenberg, Wil Abadilla, Melissa Johnson, Nicolette Ortiz and Roger Mullin (the "Objection").

E. The Plan complies with the applicable provisions of the Chapter 11 of the Code;

 (1) The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Code;

 (2) The Plan has been proposed in good faith and not by any means forbidden by law;

 (3) Any payment made or promised by the Debtor for services or for costs and expenses prior to the date of this Order in connection with the case, or in connection with the Plan and incident to the case, has been disclosed to the

{PROPOSED} ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION – Page 2

1977 20121 yj29fm03r8

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 12-20253-KAO   Doc 964   Filed 10/29/13   Ent. 10/29/13 14:00:53   Pg. 2 of 5

Court. Any such payment made before confirmation of the Plan has been found to be reasonable; if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

(4) The Debtor will not have officers and directors following confirmation of the Plan; the Plan discloses appointment of a Plan Administrator and an Oversight Committee.

(5) The Plan does not provide for any rate change subject to any regulatory commission;

(6) With respect to each class:

    (a) Each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7;

    (b) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides:

        (i) With respect to a claim of a kind specified in § 507(a)(2) of the Code, such claims shall be paid as promptly as practicable after entry of a Final Order of the Court allowing such claim, and that funds will be reserved for asserted claims before any distribution on general unsecured claims.

        (ii) Allowed general unsecured claims shall be paid *pro rata* from the Distribution Fund (after reservation for Administrative

{PROPOSED} ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION –
Page 3
1977 20121 yj29fm03r8

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 12-20253-KAO    Doc 964    Filed 10/29/13    Ent. 10/29/13 14:00:53    Pg. 3 of 5

| | | | |
|---|---|---|---|
| 1 | | | Expense and Priority Tax Claims) and funds will only be paid on |
| 2 | | | Class 3(a) equity interests to the extent they exceed amounts |
| 3 | | | necessary to pay all Allowed Claims, plus interest as set forth in |
| 4 | | | the Plan. |
| 5 | | (iii) | With respect to a claim of a kind specified in § 507(a)(8) of the |
| 6 | | | Code, the holder of such claim will be paid from the Distribution |
| 7 | | | Fund within 30 days following the later of |
| 8 | | | (i) Effective Date; and (ii) the entry of a Final Order allowing |
| 9 | | | such claim. |
| 10 | (7) | | At least one impaired class of claims has accepted the Plan, determined without |
| 11 | | | including any acceptance of the Plan by an insider holding a claim of such |
| 12 | | | class; |
| 13 | (8) | | The Plan does not discriminate unfairly and is fair and equitable with respect to |
| 14 | | | each class of claims or interest that is impaired under and has not accepted the |
| 15 | | | Plan. |

16   Now, therefore, based on the foregoing, it is hereby

17   / / /

18   / / /

19   / / /

{PROPOSED} ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION – Page 4
1977 20121 yj29fm03r8

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 12-20253-KAO    Doc 964    Filed 10/29/13    Ent. 10/29/13 14:00:53    Pg. 4 of 5

**ORDERED as follows:**

1. The Objection is overruled.

2. The adequacy of the Disclosure Statement is approved on a final basis.

3. The Second Amended Plan of Liquidation attached hereto is confirmed.

/ / /End of Order/ / /

Presented by:

BUSH STROUT & KORNFELD LLP


By_____
    Gayle E. Bush, WSBA #07318
    Aimee S. Willig, WSBA #22859
Attorneys for TC Global, Inc.

{PROPOSED} ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION –
Page 5
1977 20121 yj29fm03r8

BUSH STROUT & KORNFELD LLP
LAW OFFICES
5000 Two Union Square
601 Union Street
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 12-20253-KAO   Doc 964   Filed 10/29/13   Ent. 10/29/13 14:00:53   Pg. 5 of 5